IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>*Plaintiff,*<br><br>vs.<br><br>DEBTEAZE LLC,<br><br>*Defendant.* | Case No. _____<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Jorge Alejandro Rojas, brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, against Defendant DebtEaze LLC and alleges based on personal knowledge and information and belief:

## INTRODUCTION

1. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff brings this action against Defendant for violations of the TCPA, 47 U.S.C. § 227.

1

3. This case involves a campaign by Defendant who placed illegal, automated and/or pre-recorded calls, concerning debt relief, debt verification, and related services, sold within this District.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over the claims herein under 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendant. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Defendant is also incorporated within this District.

6. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

8. Defendant DebtEaze LLC is a Missouri LLC, with a principal address of 1001 Boardwalk Springs Pl Ste 111 O Fallon, MO 63368-4777, and a registered agent of Justin Jan, located at the same.

9. Defendant is a person as defined by 47 U.S.C. § 153(39).

10. Defendant acted through its agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

11. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, or an automatic telephone dialing system, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012).

12. The TCPA provides a private cause of action to persons who receive such automated or -prerecorded calls. *See* 47 U.S.C. § 227(b)(3).

13. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

    [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

    I*n the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

14. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995).

15. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

16. A listing on the Registry "must be honored indefinitely, or until the registration is canceled by the consumer or the telephone number is removed by the database administrator." *Id.*

3

17. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers whose numbers are on the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R § 64.1200(c)(2).

18. The TCPA and implementing regulations require "Identification of callers and telemarketers. A person or entity making an artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges." 47 C.F.R. § 64.1200(d)(4).

## **ALLEGATIONS**

19. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (424) XXX-1582.

20. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

21. Plaintiff is the account holder and customary user of his phone number.

22. Defendant and its officers, directed subordinates and retained any necessary contractors, affiliates, or agents to make telephone calls targeted at individuals such as Plaintiff.

23. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008.

24. Plaintiff registered his phone number on the Do Not Call list to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

25. The telephone call alleged in this action was made by Defendant, or an agent acting on its behalf, for the purpose of selling solar panel installations.

26. Defendant contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.

27. **Call 1.** On or about November 15, 2023, at 4:09 PM Central time, Plaintiff received a telephone call from Defendant, or an agent acting on its behalf, from a telephone number which displayed on Plaintiff's caller ID as 239-423-3641.

28. Plaintiff's phone identified this call as being "Scam Likely."

29. Plaintiff missed this call.

30. **Call 2.** On or about November 15, 2023, at 4:09 PM Central time, Plaintiff received a telephone call from Defendant, or an agent acting on its behalf, from a telephone number which displayed on Plaintiff's caller ID as 417-244-8059.

31. A voicemail was left during Call 2.

32. A rough transcription of the voicemail is as follows: "Hello this is Cynthia Green from graduate support our records indicate you are eligible for an income driven program but never completed the required documents if you want to proceed with this application we need to speak with you today please give us a call back at 8883446195 to secure your benefits…"

33. The voicemail was left by a female, in a pre-recorded tone, and was in fact pre-recorded in nature.

34. On November 15, 2023, Plaintiff called the telephone number 888-344-6195 back for investigation purposes to identify the telemarketer, because the information left during the voicemail was insufficient to identify the caller placing the telephone call.

35. During the investigatory outbound call, Plaintiff heard a female pre-recording play discussing student loan forgiveness which asked Plaintiff to press 1 to be connected to an agent.

36. Plaintiff was ultimately connected to a "Craig."

37. Craig sent Plaintiff an e-mail from craig@debteaze.com on November 15, 2023, at 4:57 PM Central, with his contact information.

38. Craig's signature identifies him as an "Enrollment Specialist at DebtEaze, LLC."

39. The DebtEaze website states "Important Student Loan Disclosures: DebtEaze is a for-profit business that for a fee assists in compiling, preparing, and submitting paperwork for people seeking consolidation, restructuring and/or forgiveness of their federal student loans through the U.S. Department of Education's ("DOE") programs. DebtEaze is not affiliated with and has no special relationship with the DOE or any other academic or governmental entity. DOE program applications can only by approved by the DOE or its authorized representatives.  This site and is not affiliated with or endorsed by the DOE, and the content or any information posted on this site is not endorsed by and does not reflect the views of the DOE.  You can apply for loan consolidation or alternative repayment programs on your own without paid assistance through the DOE at Studentloans.gov.  DebtEaze is not a loan servicer and does not renegotiate, settle, or in any way alter the terms of any payment or debt.  Each of the DOE's forgiveness programs has specific conditions and requirements that must be satisfied, and some borrowers may not qualify under any of these programs. Since some of these conditions and requirements depend on future events, DebtEaze cannot guarantee or even determine if you

6

will qualify for forgiveness. Lowering monthly payments may require you to pay more interest over a longer period."

40. On November 16, 2023, Plaintiff e-mailed Craig a request to stop calling him.

41. On November 16, 2023, Plaintiff e-mailed Craig a request to be placed on DebtEaze's Do Not Call List.

42. On November 16, 2023, Plaintiff e-mailed Craig a request to be sent a copy of DebtEaze's Do Not Call Policy.

43. On November 16, 2023, Plaintiff e-mailed Craig a request to be sent a copy of any consent relied upon to make the telephone calls to Plaintiff.

44. Plaintiff has, as of submitting this filing, not received responses to the above requests.

45. During a November 19, 2023 investigatory call to 417-244-8059 (the number of Call 1), a female pre-recording concerning student loan debt relief services, similar to that of the number of Call 2, plays.

46. To the extent a third party is making telephone calls on behalf of Defendant and then connecting the call to Defendant, the conduct alleged in this action was made for the benefit of DebtEaze, who would make money from the sale of the debt consolidation services.

47. Plaintiff has never provided his consent to be called Defendant.

48. The conduct alleged in this action was made willful and knowingly.

49. Defendant's phone calls utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

50. Defendant's phone calls utilized a pre-recorded or artificial voice without obtaining Plaintiff's prior express written consent.

51. Defendant did not have any consent to call Plaintiff.

7

52. Defendant is not an organization exempt from the TCPA.

53. Upon information and belief, Plaintiff received additional calls from Defendant and its affiliates not included above.

54. The impersonal and generic nature of Defendant's calls shows that it utilized an Automatic Telephone Dialing System (ATDS) and pre-recording in making the call.

55. In total, Defendant's and/or its affiliates placed at least two (2) automated and/or pre-recorded calls to Plaintiff.

56. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation, and a sense that his privacy has been invaded by Defendant.

57. The foregoing acts and omissions were in violation of the TCPA.

58. Other Defendants may be named in this case following discovery, including for example any other individuals or entities who directed the unlawful conduct to be made.

59. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

60. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

61. The acts and omissions of Defendant constitutes knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

62. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

63. Plaintiff is also entitled to an award of costs.

64. Defendant's calls were not made for "emergency purposes."

65. Defendant's calls to Plaintiff were made without any prior express written consent.

66. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

67. The acts and/or omissions of Defendant was done unfairly, unlawfully, intentionally, deceptively, and fraudulently and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

68. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

69. Plaintiff, in discovery will identify additional telephone calls made by Defendant and or its agents or affiliates, and requests leave to amend the complaint after identifying.

70. Defendant hired, permitted, and enjoyed the benefits of any lead generator and call centers mass robocalling.

71. For the counts identified below, Defendant is directly liable as the party that caused the unlawful calls to be placed.

72. Plaintiff requests a jury trial on all issues so triable.

## COUNT 1.

Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

73. Plaintiff incorporates the foregoing paragraphs as though they were set forth at length herein.

74. Defendant or one of its affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA

9

on at least two (2) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

75. Plaintiff was statutorily damaged at least two (2) occasions under 47 U.S.C. § 227(b)(3)(B) by the Defendant by the telephone call described above, in the amount of $500.00 for each.

76. Plaintiff was further statutorily damaged because Defendant's willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $3,000.00 plus costs and any other remedy deemed appropriate.

## COUNT 2.

<u>Violations concerning TCPA implementing regulations, including Do Not Call Registry, 47 C.F.R. § 64.1200</u>

77. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

78. By placing at least two (2) telemarketing calls to the Plaintiff, whose number is on the Do-Not-Call registry, Defendant violated 47 U.S.C. § 227(c)(5) by violating the implementing regulations codified in 47 C.F.R. § 64.1200(c) and (d).

79. This amounts to at least two (2) violations since Defendant committed one (1) violations per call. The violation is calling a number on the national Do-Not-Call registry. 47 C.F.R. § 64.1200(c)(2).

80. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute at least two (2) violations of the

TCPA, 47 U.S.C. § 227(c), codified at 47 C.F.R. § 64.1200, by, inter alia, refusing to scrub against the National Do-Not-Call registry.

81. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on their behalf's violations of the TCPA, 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $500 in damages for each and every call and violation made to his telephone number in violation of the TCPA's implementing regulations codified at 47 C.F.R. § 64.1200, pursuant to 47 U.S.C. § 227(c)(5)(B).

82. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on their behalf from violating the TCPA, 47 U.S.C. § 227(c), by making calls in violation of any of the TCPA's implementing regulations in the future.

83. The Defendant's violations were knowing and/or willful. Accordingly, the Plaintiff seeks up to treble damages of the $500 per violation award, as provided in 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(c)(5).

84. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

85. The telephone calls identified in this action do not adequately comply with the implementing regulations identification requirements under 47 C.F.R. § 64.1200(d)(4).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $3,000.00 plus costs and any other remedy deemed appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment be entered in favor of him and against Defendant, in an amount to be more fully determined at trial, but at least $6,000.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C);

D. Statutory damages of $500.00 for each and every violation of 47 U.S.C. § 227(c);

E. Treble damages of $1,500.00 per call for each violation of the TCPA's implementing regulations and 47 U.S.C. § 227(c) determined to be willful and/or knowingly pursuant to the TCPA and its implementing regulations;

F. All reasonable witness fees, court costs, pre- and post-judgment interest, and other litigation costs incurred by Plaintiff;

G. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

H. Leave to amend this Complaint to conform to the evidence presented at trial; and

I. Any other relief this Court deems proper.

Respectfully submitted,

Dated: November 19, 2023

JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582